UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ROBERT GLENDE and NIKKI GLENDE<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS, INC.<br>Defendant. | NO. _____<br><br>COMPLAINT FOR DAMAGES<br>Personal Injury Action (28 U.S.C. §1332)<br><br>[DEMAND FOR JURY TRIAL] |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

ROBERT GLENDE and NIKKI GLENDE, Plaintiffs, come before the Court complaining of POLARIS, INC. and would show the Court as follows:

### INTRODUCTION

1. This an action for damages related to Defendants' wrongful conduct in connection with the design, manufacture, distribution, and selling of all-terrain vehicles (ATVs).

2. Plaintiffs purchased a 2020 Polaris RR20RSE99AX RGR Crew XP Premium Polaris side-by-side, VIN 4XARSE996L8054819 designed and manufactured by Defendant.

3. Plaintiffs were severely injured when the accelerator on their POLARIS ATV stuck causing the ATV to go out of control and crash.

4. Subsequent to the crash, the subject ATV was recalled, "because it has been determined that affected units were manufactured with throttle pedals that can return to the idle position more slowly than anticipated once the operator releases the pedal or can stick in the depressed position. This can cause the driver to lose control of the vehicle, posing a crash hazard

and the risk of serious bodily injury."[1]

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00 and the Parties are citizens of different states.

6.      This Court has personal jurisdiction over Defendant because at all times relevant to this suit Defendant marketed and sold ATVs in the state of Texas directly and through a dealership network.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. 1391(a) because a substantial part of the events and omissions giving rise to Plaintiffs' cause of action occurred within the geographical bounds of the Eastern District of Texas, Beaumont Division.

## THE PARTIES

8.      Plaintiffs are residents of Jefferson County, Texas.

9.       Defendant, POLARIS, INC. is Minnesota corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota, 55340-9770.  Its registered agent for service is CT Corporation System Inc., 1010 Dale Street North, St. Paul, Minnesota 55117.

## FACTUAL ALLEGATIONS

10.     On or about July 14, 2021, ROBERT GLENDE and NIKKI GLENDE were riding in their 2020 Polaris RR20RSE99AX RGR Crew XP Premium Polaris side-by-side 4XARSE996L8054819 on a country road Jasper County, Texas when the throttle pedal stuck as a result of its defective nature causing the vehicle to fishtail and roll over seriously and permanently injuring both ROBERT GLENDE and NIKKI GLENDE.

---

[1] Polaris recall notice email received by Mr. Glende on 12/27/2021 approximately 5 months after the crash.

11. At all times relevant to this suit, POLARIS, INC. was engaged in the business of manufacturing recreational vehicles and placing them into commerce. POLARIS, INC., acting through its agents, servants, employees and/or representatives, placed recreational vehicles on the market to be purchased and used by the public, including Plaintiffs.

12. On December 27, 2021, Plaintiffs received the following recall notice:

> Important Safety Recall Notice R-21-09 // View this email as a web page
>
> **POLARIS**
> **IMPORTANT SAFETY STOP RIDE NOTICE**
> This notice applies to your vehicle, please read immediately.
> Dear Polaris Owner,
> In cooperation with the *U.S. Consumer Product Safety Commission*, Polaris is conducting a voluntary recall of certain Model Year 2020-2021 *RANGER 1000* or *RANGER XP 1000* off-road vehicles. Our records indicate that you own one of these vehicles.
> Polaris is recalling these units because it has been determined that affected units were manufactured with throttle pedals that can return to the idle position more slowly than anticipated once the operator releases the pedal or can stick in the depressed position. This can cause the driver to lose control of the vehicle, posing a crash hazard and the risk of serious bodily injury. To resolve this concern, Polaris has developed a repair procedure to replace the throttle pedal on your vehicle.
> **What You Should Do:**
> Immediately stop using the vehicle, and schedule an appointment with an authorized Polaris dealer. Do not attempt to repair it yourself. These repairs must be done only by an authorized Polaris dealer.
> **DO NOT OPERATE YOUR VEHICLE UNTIL THIS SAFETY RECALL HAS BEEN COMPLETED BY YOUR DEALER.**
> If you need assistance contacting or locating a Polaris dealer, or if you have questions your Polaris dealer is not able to address, contact our Polaris Owners Connections Department at **1-800-POLARIS (765-2747)**, or go to https://www.polaris.com/en-us/self-help .
> **What Your Dealership Will Do:**
> Authorized dealers will be installing a new throttle pedal on the affected vehicle at no cost to you. This repair should take approximately 30 minutes. They have been instructed how to repair your vehicle.
> **If You Received This Notice In Error:**
> This notice was sent to you according to our most current registration information. If you no longer own this vehicle, or if some of the information in this notice is incorrect, please contact your dealer to complete a transfer of ownership. Federal law requires that any vehicle lessor receiving this notice must forward a copy of this notice to the lessee within 10 days.
> We apologize for this inconvenience and assure you that we are committed to customer satisfaction and providing worldclass products for riders to enjoy.
> Sincerely,
> **Polaris Off-Road Vehicles**
> For the latest updates to this safety recall, or to check if your vehicle is part of another safety recall, or go to **www.polaris.com/en-us/off-road-recalls**.

## STRICT LIABILITY

13. Plaintiffs assert that POLARIS INC. is liable under the theory of strict liability as set forth in Section 402A of the Restatement of Torts.

14. POLARIS, INC. was, at all material times, engaged in the business of manufacturing, producing, assembling, and selling recreational vehicles like and including the one Plaintiffs were operating at the time of their injury.

15. That recreational vehicle was expected to reach, and, in fact, did reach, Plaintiffs without substantial change in its condition.

16. The Polaris recreational vehicle in question was in a defective, unreasonably dangerous condition when sold by POLARIS, INC. in that its accelerator and throttle system were of a defective design and susceptible to sticking and unintended acceleration.

17. The defective condition of the accelerator and throttle system made the Polaris recreational vehicle in question unreasonably dangerous and was a producing cause of the injuries and damages made the basis of this suit.

## NEGLIGENCE

18. POLARIS, INC. was negligent in failing to adequately design, test, and manufacture the ATV in question and others like it to avoid accelerators sticking.

19. POLARIS, INC. was negligent in not warning Plaintiffs about the fact their ATV likely suffered from a dangerous defect in the accelerator/throttle system much earlier – in time to save Plaintiffs from the accident in question.

20. POLARIS, INC. was negligent in not recalling the ATV in question due to the dangerous defect in the accelerator/throttle system much earlier – in time to save Plaintiffs from the accident in question.

21. POLARIS, INC.'s negligence was a proximate cause of Plaintiffs' injuries and damages made the basis of this suit.

## BREACH OF WARRANTY

22. POLARIS, INC. is also liable for breach of warranty and under the law of warranties as expressed in the Uniform Commercial Code.

23. Defendant expressly and impliedly warranted that, as sold, the recreational vehicle in question was fit for the ordinary purposes for which such items are used.

24. It further expressly and impliedly warranted that the recreational vehicle in question was made, designed, and sold were safe and would not expose individuals like Plaintiffs to an unreasonable risk of harm.

25. Each of those warranties were breached and the breaches of warranty were a producing cause of the injuries and damages made the basis of this suit.

## DAMAGES AND CAUSATION

26. As a result of the incident made the basis of this suit, ROBERT GLENDE and NIKKI GLENDE have each suffered severe injuries and damages.

27. Defendants are liable for damages under theories of strict liability, negligence, and breach of warranty for damages produced by or proximately caused as alleged in this pleading.

28. RUSSELL GLENDE has suffered the following elements of damages legally caused by Defendants include: necessary medical expenses, past and future; loss of earnings and/or earning capacity, past and future; physical pain and suffering, past and future; mental anguish, past and future; disfigurement, past and future; and physical impairment, past and future.

29. NIKKI GLENDE has suffered the following elements of damages legally caused by Defendants include: necessary medical expenses, past and future; loss of earnings and/or earning capacity, past and future; physical pain and suffering, past and future; mental anguish, past and future; disfigurement, past and future; and physical impairment, past and future.

30. Each Plaintiff seeks recovery on all elements of damages alleged.

31. Finally, Plaintiffs assert a claim for costs of court as well as prejudgment and postjudgment interest for all elements of damages on which such interest is allowed by law.

### JURY DEMAND

Plaintiffs have full faith in the jury system and respectfully requests trial by jury.

### PRAYER FOR RELIEF

For the reasons set out above, Plaintiffs ask for judgment against Defendants for the following:

1. Actual damages, pecuniary and non-pecuniary as set forth above;
2. Prejudgment and postjudgment interest;
3. Costs of court; and
4. All other relief in law or equity the Court deems appropriate.

Dated: May 25, 2023

Respectfully submitted,

PROVOST & UMPHREY LAW FIRM, L.L.P.
350 Pine Street, Suite 1100
Beaumont, Texas 77701
Telephone: (409) 835-6000

By: /s/ *Christopher T. Kirchmer*
    Christopher T. Kirchmer
    State Bar # 00794099
    ckirchmer@provostumphrey.com